Arthur S. Beeman (State Bar No. 104694)
asbeeman@jonesday.com
Brett A. Lovejoy (State Bar No. 212942)
blovejoy@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA  94104
Telephone:     (415) 626-3939
Facsimile:      (415) 875-5700

Attorneys for Plaintiff
ALEXX, INC.

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| ALEXX, INC., a California corporation,<br><br>                    Plaintiff,<br><br>         v.<br><br>Stuart Kapicka, an individual having a place of business at 1609 41st Street, Sacramento, California 95819 and DOES 1-20, Inclusive<br><br>                    Defendants. | Civil Action No.:<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Alexx, Inc. (hereinafter "Alexx") hereby alleges as follows:

## NATURE OF ACTION

1.      This is an action for infringement of United States Design Patent No. D539526 ("the '526 Design Patent"), United States Patent No. 7,308,922 B2 ("the '922 Utility Patent"), and United States Patent No. 7,537,032 B2 ("the '032 Utility Patent") (collectively, "the Alexx Patents").  A true and correct copy of the Alexx Patents is attached as Exhibit A.

**SUMMARY OF COMPLAINT**

2. In April 2004, Sandra Stein, founder of Plaintiff Alexx, invented the FINDERS KEY PURSE key locator. The key locator is an innovative product for locating keys or other easily misplaced objects. The key locator allows a person to attach such easily misplaced objects to the key locator and hang the locator on a purse or similar article. From the outside of the purse or similar article, the key locator is visible and, on the inside of the purse or similar article, the attached objects are securely attached to the key locator and can therefore be easily retrieved.

3. Alexx has enjoyed substantial commercial success with the key locator, distributing the product through more than 1000 sales representatives throughout the United States, including retail gift stores, chains, and catalogs such as Hallmark, Coach House Gifts, The Mole Hole, and Casual Living. Through this network of vendors, Alexx has sold more than four million of the key locators.

4. The innovativeness of Alexx's key locator has received national recognition. In November 2006, the San Fernando Valley Business Journal highlighted the novelty of Alexx's key locator. In February 2007, Sandra Stein was featured in an episode of the nationally syndicated Oprah Winfrey television series showcasing unique innovations. Alexx has subsequently been featured in Entrepreneur, NAWBO.org, MomInventors.com, MomtoMomchat.com, Bizymoms.com, Country Business, and PopularArticles.com. Moreover, Sandra Stein regularly appears on the QVC home shopping network selling Alexx's patented key locator.

5. Defendants have profited from Alexx's innovation by selling key locators that infringe the Alexx Patents.

6. On April 21, 2008, the undersigned counsel, on behalf of Alexx, sent a cease and desist letter to Stuart Kapicka demanding that he stop selling infringing key locators.

7. Stuart Kapicka did not respond to the April 21, 2008 cease and desist letter and continued to sell key locators that infringe the Alexx Patents.

8. On March 1, 2010, the undersigned counsel, on behalf of Alexx, sent a second cease and desist letter to Stuart Kapicka again demanding that he stop selling infringing key locators.

9. Stuart Kapicka did not respond to the March 1, 2010 cease and desist letter and has continued to sell key locators that infringe the Alexx Patents.

## THE PARTIES

10. Alexx is a California corporation, having its principal place of business at 6430 Variel #101, Woodland Hills, California, 91367.

11. On information and belief, defendants have a principal place of business at 1609 41st Street, Sacramento, California 95819 and resides in this district.

12. Alexx is ignorant of the true names and capacities of defendant Does 1-20 and therefore sues these defendants by fictitious names.  Alexx will amend this Complaint to allege the true names and capacities of defendant Does 1-20 when ascertained.  Alexx is informed and believes, and on that basis alleges, that each of these fictitiously named defendants is responsible in some manner for the conduct, injuries and damages alleged in this complaint.

## JURISDICTION AND VENUE

13. This is an action for patent infringement under Title 35 of the United States Code, and, therefore, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

14. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because, on information and belief, defendants reside in this District.  Venue is also proper in this Court under 28 U.S.C. § 1391(b)(2) because defendants have a principal place of business at 1609 41st Street, Sacramento, California 95819 where a substantial part of the events giving rise to the claims occurred.

## COUNT 1

**(Infringement Of United States Design Patent No. D539526)**

15. Alexx incorporates paragraphs 1 through 14 herein by reference.

1      16.     This claim is made under the provisions of the patent laws of the United States
2  and, in particular, 35 U.S.C. §§ 271, et seq.

3      17.     On April 3, 2007, the '526 Design Patent for Alexx's key locator was duly and
4  legally issued in the name of Sandra Stein.  By virtue of proper assignment, Alexx acquired and
5  duly owns all right, title, and interest in the '526 Design Patent, including the right to sue and
6  recover for any infringement.

7      18.     Defendants have infringed the '526 Design Patent by offering to sell and selling
8  key locators embodying the invention claimed in the '526 Design Patent within the United States.

9      19.     The key locators that defendants have offered to sell or sold are either identical or
10 bear substantial resemblance to Alexx's key locators such that the ordinary observer would be
11 deceived into purchasing defendants' key locator thinking that it was Alexx's key locator.

12     20.     Defendants knowingly, willfully, and deliberately infringed and, on information
13 and belief, continue to infringe the '526 Design Patent in conscious disregard of Alexx's rights,
14 making this case exceptional within the meaning of 35 U.S.C. § 285 and justifying treble
15 damages pursuant to 35 U.S.C. § 284.

16     21.     Defendants' actions complained of herein are causing irreparable harm and
17 monetary damage to Alexx and will continue to do so unless and until defendants are enjoined
18 and restrained by this Court.

## COUNT 2

**(Infringement of United States Patent No. 7,308,922 B2)**

21     22.     Alexx incorporates paragraphs 1 through 21 herein by reference.

22     23.     On December 18, 2007, the '922 Utility Patent for Alexx's key locator was duly
23 and legally issued in the name of Sandra Stein.  By virtue of proper assignment, Alexx acquired
24 and duly owns all right, title, and interest in the '922 Utility Patent, including the right to sue and
25 recover for any infringement.

26     24.     Defendants have infringed the '922 Utility Patent by offering to sell and selling
27 key locators embodying the invention claimed in the '922 Utility Patent within the United States.

25. Defendants knowingly, willfully, and deliberately infringed and, on information and belief, continue to infringe the '922 Utility Patent in conscious disregard of Alexx's rights, making this case exceptional within the meaning of 35 U.S.C. § 285 and justifying treble damages pursuant to 35 U.S.C. § 284.

26. Defendants' actions complained of herein are causing irreparable harm and monetary damage to Alexx and will continue to do so unless and until defendants are enjoined and restrained by this Court.

## COUNT 3

**(Infringement of United States Patent No. 7,537,032 B2)**

27. Alexx incorporates paragraphs 1 through 26 herein by reference.

28. On May 26, 2009 the '032 Utility Patent for Alexx's key locator was duly and legally issued in the name of Sandra Stein. By virtue of proper assignment, Alexx acquired and duly owns all right, title, and interest in the '032 Utility Patent, including the right to sue and recover for any infringement.

29. Defendants have infringed the '032 Utility Patent by offering to sell and selling key locators embodying the invention claimed in the '032 Utility Patent within the United States.

30. Defendants knowingly, willfully, and deliberately infringed and, on information and belief, continue to infringe the '032 Utility Patent in conscious disregard of Alexx's rights, making this case exceptional within the meaning of 35 U.S.C. § 285 and justifying treble damages pursuant to 35 U.S.C. § 284.

31. Defendants' actions complained of herein are causing irreparable harm and monetary damage to Alexx and will continue to do so unless and until defendants are enjoined and restrained by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks the Court to:

(a) Enter judgment for Alexx on this Complaint;

(b) Preliminarily and permanently enjoin defendants from further infringement of the Alexx Patents;

LAI-3090756v2     - 5 -     COMPLAINT FOR PATENT INFRINGEMENT
Alexx, Inc. v. Stuart Kapicka, and DOES 1-20

1      (c)    Award Alexx damages resulting from defendants' infringement in accordance with 35 U.S.C. § 284;

3      (d)    Treble the damages in accordance with the provisions of 35 U.S.C. § 284;

4      (e)    Find the case to be exceptional under the provisions of 35 U.S.C. § 285;

5      (f)    Award Alexx reasonable attorneys' fees under 35 U.S.C. § 285;

6      (g)    Award Alexx interest and costs; and

7      (h)    Award Alexx such further relief to which the Court finds Alexx is entitled under law or equity.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

Dated: May 24, 2010

ARTHUR S. BEEMAN
BRETT A. LOVEJOY
JONES DAY


By:  /s/   Brett A. Lovejoy
    Brett A. Lovejoy

Attorneys for Plaintiff Alexx, Inc.